IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED RENTALS, INC., and UNITED )
RENTALS (NORTH AMERICA), INC. )
                    )
                    )
          Plaintiffs, )
 v.                   )
                    )
MID-CONTINENT CASUALTY COMPANY, )
DAVID MEDINA, MAYA MEDINA, and )
GEN-X CONSTRUCTION, INC. )
                    )
          Defendants. )
                    )

## COMPLAINT

Now come the Plaintiffs, UNITED RENTALS, INC. and UNITED RENTALS (NORTH AMERICA), INC., by and through their attorneys, PAGE, MRACHEK, FITZGERALD & ROSE, P.A., and for their Complaint against the Defendants, MID-CONTINENT CASUALTY COMPANY, DAVID MEDINA, MAYA MEDINA and GEN-X CONSTRUCTION, INC. states as follows:

### THE PARTIES

1. At all times relevant hereto, the Plaintiff, UNITED RENTALS, INC. ("hereinafter United Rentals") was an equipment rental company that rented equipment.

2. At all time relevant hereto, the principal place of business for United Rentals was Greenwich, Connecticut.

3. At all times relevant hereto, United Rentals was organized under the laws of the State of Delaware.

4. At all times relevant hereto, the Plaintiff, UNITED RENTALS (NORTH AMERICA), INC. (hereinafter "URNA") was an equipment rental company that rented equipment.

5. At all time relevant hereto, the principal place of business for URNA was Greenwich, Connecticut.

6. At all times relevant hereto, the Plaintiff, URNA, was organized under the laws of the State of Delaware.

7. At all times relevant hereto, MID-CONTINENT CASUALTY COMPANY (hereinafter "Mid-Continent"), upon information and belief, was organized under the laws of the State of Ohio.

8. At all times relevant hereto, Mid-Continent had its principal place of business in Oklahoma.

9. At all times relevant hereto, Mid-Continent was an insurance company licensed to issue policies of insurance in some or all of the 50 states and transacted business in the State of Florida.

10. Upon information and belief defendants DAVID MEDINA and MAYA MEDINA ("Medinas") are residents of the State of Florida. The Medinas are nominal but necessary parties to this litigation and will be dismissed from this action if they agree to be bound by any judgments or settlement reached herein.

11. Defendant GEN-X CONSTRUCTION, INC. ("Gen-X") is a Florida corporation with its principal place of business in Palm Beach County, Florida.

## JURISDICTION AND VENUE

12. The Court has jurisdiction pursuant to 28 U.S.C., Sec. 1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and the Plaintiffs and Defendants are from different states.

13. Venue is proper in this district pursuant to 28 U.S.C., Sec. 1391(a), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

### Rental Agreement

14. On or about October 1, 2008, Gen-X Construction, Inc. ("Gen-X") rented a Takeuchi Model TL 130R front end loader (the "loader") from a URNA branch located in West Palm Beach, Florida.

15. At the time of the rental, Gen-X entered into Rental Agreement (the "Rental Agreement") with URNA. A copy of the Rental Agreement is attached as Exhibit "A".

16. The Rental Agreement provides in Paragraph 18 that:

> **CUSTOMER'S INSURANCE COVERAGE.** Customer agrees to maintain and carry, at its sole cost, adequate liability, physical damage, public liability, property damage and casualty insurance for the full replacement cost of the Equipment, including, but not limited to, all risks of loss or damage covered by the standard extended coverage endorsement, to cover any damage or liability arising from the handling, transportation, maintenance, operation, possession, or use of the Equipment during the entire Rental Period. When requested, Customer shall supply to United proof of such insurance by Certificate of Insurance clearly setting forth the coverage for the Equipment and naming United as loss payee and additional insured; such insurance and evidence thereof to be in amounts and form satisfactory to United. The Certificate of Insurance and policy shall provide that United shall receive not less than 30 days' notice prior to any cancellation of the insurance required hereunder.

## The Accident and the Claims of Medina

17. On or about February 12, 2009, David Medina was injured at a construction site at 6002 Summit Boulevard in West Palm Beach, Florida.

18. At the time of the accident, David Medina was an employee of Luna Development Corporation. David Medina supervised work being performed by Saba Trucking Company as a result of Saba Trucking Company's contract with the general contractor for the job, Gen-X.

19. Prior to the accident, David Medina had an altercation with the driver of the loader, Nathaniel Jackson, ("Jackson") who was a subcontractor of URNA's customer, Gen-X. Gen-X allowed Jackson to use the loader.

20. Following the altercation, a large decorative boulder being carried by Jackson with the loader fell on David Medina, injuring him.

21. The Medinas brought an action against United Rentals (though the proper party was URNA), Jackson and others seeking damages for David Medina's injuries (the "Lawsuit"). With respect to United Rentals, the Lawsuit alleges that the loader was a "dangerous instrumentality" and that United Rentals, as the owner of the loader, is responsible for any negligence in its operation. A copy of the Third-Amended Complaint filed in the Lawsuit is attached hereto as Exhibit "B".

## United Rentals' Tender to Mid-Continent

22. On March 7, 2011, United Rentals, as the named defendant in the Lawsuit, tendered the Lawsuit to Gen-X for a defense pursuant to the terms of the Rental Agreement. A copy of the tender letter is attached as Exhibit "C".

23. Gen-X forwarded Exhibit "C" to Mid-Continent, which responded by denying United Rentals' tender under its policy(s) by letter dated April 20, 2011. A copy of Mid-Continent's denial letter is attached hereto as Exhibit "D".

24. United Rentals' counsel wrote to Mid-Continent, arguing that Mid-Continent's denial was erroneous. A copy of counsel's letter is attached hereto as Exhibit "E".

25. Mid-Continent has continued to deny United Rentals' tender and has refused to defend, indemnify and provide coverage to United Rentals.

26. United Rentals requested a copy of the policy(s) Mid-Continent issued to Gen-X but Mid-Continent has refused to provide United Rentals with a copy of its policy(s).

### URNA's Tender to Mid-Continent

27. Just prior to the filing of this action, the Medinas amended their pleadings in the underlying action to reflect that URNA, and not United Rentals, was the proper party defendant in the Lawsuit.

28. All of the other parties to the Lawsuit consented to the amendment.

29. URNA tendered the Lawsuit to Mid-Continent for a defense and indemnification. A copy of the tender letter is attached hereto as Exhibit "F".

30. Upon information and belief, Mid-Continent will deny URNA's tender and will refuse to defend, indemnify and provide coverage to URNA because the identity of the potential additional insured was not a reason given by for Mid-Continent for its denial.

31. URNA has requested a copy of the policy(s) Mid-Continent issued to Gen-X (See Exhibit "F".) Upon information and belief, Mid-Continent will refuse to provide URNA with a copy of its policy(s).

<u>Tenders to Gen-X</u>

32. The Rental Agreement provides in paragraph 3:

PARAGRAPH 3. INDEMNITY / HOLD HARMLESS. TO THE FULLEST EXTENT PERMITTED BY LAW, CUSTOMER AGREES TO INDEMNIFY, DEFEND, AND HOLD UNITED HARMLESS FROM AND AGAINST ANY AND ALL LIABILITY, CLAIM, LOSS, DAMAGE OF COSTS (INCLUDING, BUT NOT LIMITED TO, ATTORNEY'S FEES, LOSS OF PROFIT, BUSINESS INTERRUPTION OR OTHER SPECIAL OR CONSEQUENTIAL DAMAGES, DAMAGES RELATING TO BODILY INJURY, DAMAGES RELATING TO WRONGFUL DEATH) CAUSE BY OR IN ANY WAY ARISING OUT OF OR RELATED TO THE OPERATION, USE, MAINTENANCE, INSTRUCTION, POSSESSION, TRANSPORTATION, OWNERSHIP OR RENTAL OF THE EQUIPMENT, INCLUDING WHENEVER SUCH LIABILITY, CLAIM, LOSS, DAMAGE OR COST IS FOUNDED, IN WHOLE OR IN PART, UPON ANY NEGLIGENT OR GROSSLY NEGLIGENT ACT OR OMISSION OF UNITED OR THE PROVISION OF ANY ALLEGEDLY DEFECTIVE PRODUCT BY UNITED. THIS INDEMNITY PROVISION APPLIES TO ANY CLAIMS ASSERTED AGAINST UNITED BASED UPON STRICT OR PRODUCT LIABILITY CAUSES OF ACTION OR BREACH OF WARRANTY OR UNDER ANY OTHER THEORY OF LAW.

33. On March 7, 2011, United Rentals wrote to Gen-X and requested that it defend and indemnify UR with respect to the Lawsuit. See Exhibit "C".

34. Gen-X forwarded this letter to its insurer, Mid-Continent, but Gen-X never responded to United Rentals' tender under paragraph 3 of the Rental Agreement.

35. On August 25, 2011, URNA wrote to Gen-X and requested that Gen-X defend and indemnify URNA with respect to the Lawsuit. See Exhibit "G".

36. Upon information and belief, Gen-X will not respond to URNA's tender under paragraph 3 of the Rental Agreement as Gen-X's prior lack of responsiveness is likely unrelated to the name of the United Rentals entity tendering the Lawsuit to it.

## COUNT I

### Declaratory Judgment Against Mid-Continent

37. Plaintiffs incorporate and reallege paragraphs 1 through 31 above set forth above as though fully set forth herein.

38. The Rental Agreement required Gen-X to provide insurance coverage for United Rentals and/or URNA.

39. Gen-X was insured by Mid-Continent under one or more policies of insurance.

40. Upon information and belief, Mid-Continent's policy(s) issued to Gen-X contain a "blanket additional insured" endorsement, which provides coverage to entities with which Gen-X is contractually obligated to provide insurance coverage.

41. Plaintiffs claim that they are entitled to insurance coverage, as additional insureds, from Mid-Continent under the policy(s) it issued to Gen-X.

42. Despite plaintiffs' status as additional insureds and repeated requests for defense and indemnification with respect to the Lawsuit from plaintiffs, Mid-Continent has refused and upon information and belief will continue to refuse to provide any defense, coverage or other services to plaintiffs under any policy issued to Gen-X.

43. Upon information and belief, Mid-Continent denies that it owes plaintiffs any duties under its policy(s) issued to Gen-X with respect to the Lawsuit.

44. A justiciable controversy currently exists as to whether Mid-Continent owes any duty to defend or indemnify plaintiffs under any policies it issued to Gen-X with respect to the Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, United Rentals, Inc. and United Rentals (North America), Inc. demand judgment as follows:

(1) A declaration by this Court that Mid-Continent had a duty to defend United Rentals in the Lawsuit under any policies of insurance that Mid-Continent issued to Gen-X from March 7, 2011 to August 19, 2011;

(2) A declaration by this Court that Mid-Continent has a duty to defend URNA in the Lawsuit under any policies of insurance that Mid-Continent issued to Gen-X from August 19, 2011 forward;

(3) A declaration by this Court that Mid-Continent has a duty to indemnify URNA for any settlement and/or judgment that may be paid by URNA in the Lawsuit under any policies of insurance that Mid-Continent issued to Gen-X;

(4) Such other relief, legal or equitable, as this Honorable Court may deem just and proper.

## COUNT II
### Breach of Contract

45. Plaintiffs incorporate and reallege paragraphs 1 through 31 above set forth as though fully set forth herein.

46. Mid-Continent's refusals constitute a breach of any policy(s) it issued to Gen-X.

47. Plaintiffs have been damaged by Mid-Continent's breach.

WHEREFORE, plaintiffs demand judgment against Mid-Continent for compensatory damages, prejudgment interest, costs and such other further relief as the Court deems appropriate.

## COUNT III
### Breach of Contractual Duty to Defend

48. Plaintiffs incorporate and reallege paragraphs 1 through 36 set forth above as though fully set forth herein.

49. Gen-X has refused to defend United Rentals with respect to the Lawsuit and upon information and belief will refuse to defend URNA with respect to the Lawsuit.

50. Plaintiffs have been damaged by Gen-X's actions or lack thereof.

51. Paragraph 23 of the Rental Agreement provides that URNA is entitled to recover reasonable attorneys' fees and costs associated with the bringing of this action.

WHEREFORE, plaintiffs demand judgment against Gen-X for compensatory damages, prejudgment interest, attorney's fees and costs and such other further relief as the Court deems appropriate.

## COUNT IV
## Breach of Contractual Duty to Procure Insurance

52. Plaintiffs incorporate and reallege paragraphs 1 through 36 set forth above as though fully set forth herein.

53. Plaintiffs' tenders of the Lawsuit were submitted to Gen-X's insurer, Mid-Continent, which rejected United Rentals' tender and upon information and belief Mid-Continent will deny URNa's tender as well.

54. To the extent that Mid-Continent is found to have no duty to defend or indemnify United Rentals and/or URNA under the policy it issued to Gen-X, Gen-X breached paragraph 18 of the Rental Agreement by failing to provide insurance coverage.

55. To the extent that Mid-Continent is found to have no duty to defend or indemnify United Rentals and/or URNA under the policy(s) it issued to Gen-X, Plaintiffs have been damaged by Gen-X's breach of paragraph 18 of the Rental Agreement.

56. Paragraph 23 of the Rental Agreement provides that URNA is entitled to recover reasonable attorneys' fees and costs associated with the bringing of this action.

WHEREFORE, Plaintiffs demand judgment against Gen-X for compensatory damages, prejudgment interest, attorney's fees and costs and such other further relief as the Court deems appropriate.

## COUNT V
### Contractual Duty to Indemnify

57. URNA incorporates and realleges paragraphs 1 through 36 set forth above as though fully set forth herein.

58. Pursuant to paragraph 3 of the Rental Agreement, Gen-X has a duty to indemnify and hold URNA harmless with respect to the claims being asserted against URNA in the Lawsuit.

59. In the event that URNA is held liable to the Medinas, Gen-X has a contractual duty to indemnify URNA for any damages awarded to the Medinas pursuant to paragraph 3 of the Rental Agreement.

60. Upon information and belief Gen-X will deny or ignore any duty to indemnify URNA for any damages awarded to the Medinas.

61. Paragraph 23 of the Rental Agreement provides that URNA is entitled to recover reasonable attorneys' fees and costs associated with the bringing of this action.

WHEREFORE, United Rentals (North America), Inc. demands judgment against Gen-X for compensatory damages, prejudgment interest, attorney's fees and costs and such other further relief as the Court deems appropriate.

## COUNT V
### Common Law Indemnity

62. URNA incorporates and realleges paragraphs 1 through 36 set forth above as though fully set forth herein.

63. URNA is not at fault for the accident at issue or responsible for the damages sought by the Medinas.

64. The Lawsuit has not alleged any active negligence on the part of United Rentals and upon information and belief will not allege any active negligence on the part of URNA.

65. At the time of the accident alleged in the Lawsuit, the loader, which the Medinas allege is a dangerous instrumentality, was solely within the custody and control of Gen-X.

66. Gen-X entrusted the alleged dangerous instrumentality to Jackson.

67. URNA's only potential liability in the Lawsuit is for vicarious liability allegedly arising out of the negligent operation of the alleged dangerous instrumentality by Jackson.

68. URNA is entitled to common law indemnity by Gen-X.

WHEREFORE, United Rentals (North America), Inc. demands judgment against Gen-X for compensatory damages, prejudgment interest, and costs and such other further relief as the Court deems appropriate.

August 25, 2011                                        Respectfully submitted,


                                                       s/ Randy R. Dow
                                                       Randy R. Dow
                                                       Florida Bar Number: 0121118
                                                       rdow@pm-law.com
                                                       Page, Mrachek, Fitzgerald & Rose, P.A.
                                                       505 S. Flagler Drive, Suite 600
                                                       West Palm Beach, FL  33401
                                                       Telephone:  (561) 655-2250
                                                       Facsimile:   (561) 655-5537
                                                       Attorneys for Plaintiffs