UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80955-CIV-MARRA

UNITED RENTALS, INC., and UNITED
RENTALS (NORTH AMERICA), INC.,

    Plaintiff,
vs.

MID-CONTINENT CASUALTY COMPANY,
DAVID MEDINA, MAYA MEDINA, and
GEN-X CONSTRUCTION, INC.,

    Defendants.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Defendant Gen-X Construction, Inc.'s Motion for Final Summary Judgment and Incorporated Memorandum of Law (DE 27); and Plaintiffs', United Rentals, Inc., and United Rentals (North America), Inc., Motion to Lift Stay (DE 53). Both motions are briefed and ripe for review. The Court has considered the briefs of the parties and the record, and is otherwise advised in the premises.

**I. Background**

    This case stems from an accident on a construction site. The following facts are undisputed. On February 12, 2009, a boulder fell out of the bucket of a front end loader and landed on David Medina. (DE 52 ¶¶ 14, 17) ("Complaint"). Plaintiffs United Rentals, Inc. and United Rentals (North America) (collectively "United") owned the loader. At the time of the accident, United alleges that the machine was leased by Defendant Gen-X. (Complaint ¶¶ 11–12). Nathaniel Jackson operated the loader when the boulder fell. (Complaint ¶ 17).

    Medina sued United, Gen-X, Jackson, and others in Florida state court alleging that those defendants are responsible for any negligence in the operation of the machine in question.

(Complaint ¶ 18). The only claim against United is found in count ten of the state court complaint, which alleges that, under the dangerous instrumentality doctrine, United is vicariously liable for Nathaniel Jackson's negligence. (DE 27, Attach. 2).[1] The claims against Gen-X are found in counts one, two, three, and four. Counts one, two, and three allege that Gen-X Owner and President Michael Goldman negligently failed to provide Medina a safe place to work and negligently supervised and retained Nathaniel Jackson; count four alleges that Gen-X is vicariously liable for Goldman's negligence.

In this case, United alleges that it entered into a rental agreement with Gen-X that requires Gen-X to carry insurance that would defend and indemnify it in lawsuits such as the one Medina filed in Florida state court. Paragraphs three and eighteen of the rental agreement provide as follows:

> 3. **INDEMNITY/HOLD HARMLESS.**   To the fullest extent permitted by law, Customer agrees to indemnify, defend and hold United harmless from and against any and all liability, claim, loss, damage or costs (including, but not limited to, attorneys' fees, loss of profit, business interruption or other special or consequential damages, damages relating to bodily injury, damages relating to wrongful death) caused by or in any way arising out of or related to the operation, use, maintenance, instruction, possession, transportation, ownership or rental of the equipment, including, but not limited to, whenever such liability, claim, loss, damage or cost is founded, in whole or in part, upon any negligent or grossly negligent act or omission of United or the provision of any allegedly defective product by United. This indemnity provision applies to any claims asserted against United based upon strict

---

[1] Count ten alleges the following:

68. At all times material, [United] owned and leased the Front-End [L]oader being operated by Defendant Nathaniel Jackson at the time of the subject accident to Defendant Gen-X and/or Daniel Osborne LLC.
69. Defendant Jackson was operating the Front-End Loader in a careless, reckless and dangerous manner.
70. The Front-End Loader constitutes a dangerous instrumentality and, accordingly, this Defendant is responsible for any negligence in the use, operation or maintenance thereof.
71. As a direct and proximate result of Defendant Jackson's negligence in operating the Front-End Loader [p]laintiff Medina was injured in and about his body and extremities, suffered pain there from [sic], incurred medical expenses in the treatment of the injuries, suffered physical handicap and his working ability was impaired; these injuries are either permanent and/or continuing in nature and Medina will suffer from the losses and impairment in the future.

(DE 27, Attach. 2 at 16).

2

or product liability causes of action, breach of warrant or under any theory of law.

> 18. ***CUSTOMER'S INSURANCE COVERAGE.*** Customer agrees to maintain and carry, at its sole cost, adequate liability, physical damage, public liability, property damage and casualty insurance for the full replacement cost of the Equipment, including, but not limited to, all risk of loss or damage covered by the standard extended coverage endorsement, to cover any damage or liability arising from the handling, transportation, maintenance, operation, possession, or use of the Equipment during the entire Rental Period. When requested, Customer shall supply to United proof of such insurance by Certificate of Insurance clearly setting forth the coverage for the Equipment and naming United as loss payee and additional insured; such insurance and evidence thereof to be in amounts and forms satisfactory to United. The Certificate of Insurance and policy shall provide that United shall receive not less than 30 days' notice prior to any cancellation of the insurance required hereunder.

(DE 52, Attach. 1). United tendered the state court action to Gen-X for a defense under the terms of the rental agreement. (Complaint at 4–6). Gen-X forwarded the tender letter to Mid-Continent Casualty Company, Gen-X's insurer, but Mid-Continent denied United's tender under Mid-Continent's policy with Gen-X. *Id.*[2] To date, Gen-X has not defended or indemnified United in the state court action.

Through its Complaint in this action, United brings claims against Gen-X for (1) Breach of Contractual Duty to Defend (Count I); (2) Breach of Contractual Duty to Procure Insurance (Count II); (3) Contractual Duty to Indemnify (Count III); and (4) Common Law Indemnity (Count IV). This Court stayed counts III and IV, the contractual and common law indemnity claims, pending resolution of the state court action. (DE 34). United has since finalized a settlement with the plaintiffs in the state court action. (DE 53 ¶¶ 5–6).

## II. United's motion to vacate the stay

United moves to vacate the stay on the ground that the settlement in the state court action has caused the indemnity claims to ripen. Gen-X opposes the request because claims against Gen-X are

---

[2] Mid-Continental was dismissed from this action on December 22, 2011. (DE 22).

still pending in the state court action and, according to Gen-X, determinative questions of fact remain in the state court action that will impact both of the indemnity claims.

Under Florida law, an indemnitor is bound by a settlement agreement in a suit against the indemnitee if the indemnitor has (1) notice of the claim, and (2) an opportunity to appear and defend the claim. *See Gulf Group Holdings v. Coast Asset Management*, 516 F. Supp. 2d 1253, 1262–63 (S.D. Fla. 2007); *see also BP Products North America, Inc. v. Giant Oil, Inc.*, 545 F. Supp. 2d 1257, 1260 (M.D. Fla. 2008); *Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So. 2d 1072, 1079 (Fla. Dist. Ct. App. 2003). Indemnification claims accrue at "the time of payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof by the party seeking indemnification." *Gulf Group Holdings*, 516 F. Supp. 2d at 1268; *see also Castle Construction Co. v. Huttig Sash & Door Co.*, 425 So. 2d 573, 575 (Fla. Dist. Ct. App. 1982); *Scott & Jobalia Construction Co. v. Halifax Paving, Inc.*, 538 So. 2d 76, 79 (Fla. Dist. Ct. App. 1989). A party seeking contractual indemnification generally must establish "that the settlement was made based on his *potential* liability to the plaintiff." *Camp, Dresser & McKee*, 853 So. 2d at 1079–80 (emphasis in original). "[C]ommon law indemnity is an equitable remedy that arises out of obligations imposed through special relationships" or vicarious, constructive, derivative, or technical liability. *Id.* at 1077.

Here, Gen-X does not dispute that it had notice of the claim and an opportunity to defend it. Because the Court concludes, as a matter of law, that both the contractual and common law indemnity claims accrued upon United's settlement in the state court action, *see Gulf Group Holdings*, 516 F. Supp. 2d at 1268, the Court vacates the stay as to count III, the contractual indemnity claim. As to the common law indemnity claim, however, the Court concludes that the proper course is to leave the stay in effect. Unlike United's claim for contractual indemnity—which is based on the express terms of the rental agreement and generally requires only that United show

4

the settlement was made based on potential liability—the claim for common law indemnity arises out of United's potential vicarious liability in the state court action. Such liability might never be realized. *See Camp, Dresser & McKee*, 853 So. 2d at 1077.

For example, in the state court action Gen-X asserts that it shares a workers' compensation immunity defense with United which, if resolved in Gen-X's favor, affects United's claim of liability. Moreover, as Gen-X points out, the state court action seeks to hold United vicariously liable for the negligence of Nathaniel Jackson, the operator of the loader at the time of the accident. Should Jackson be found without fault for the accident, United would likewise be without fault in the state court action. Finally, a defense verdict could be rendered finding the plaintiff solely at fault for his alleged injuries. Any of the above scenarios would render United without fault in the state court action. Thus, the Court concludes that United's claim for common law indemnity should not be addressed until such matters are resolved in the state court action. United's motion to vacate the stay is accordingly granted in part as to count III (contractual indemnity), and denied in part as to count IV (common law indemnity). Only the issue of Gen-X's motion for summary judgment remains.

### III. Gen-X's motion for summary judgment

Gen-X moves for summary judgment on various grounds.[3] First, Gen-X argues that it has no contractual duty to defend or indemnify United because the indemnity provision in the rental agreement fails to comply with the requirements of Florida Statute § 725.06. Second, Gen-X argues that it has no common law duty to indemnify United because United is not being held vicariously liable for any negligence of Gen-X. (As set forth above, *supra* note 1, the state court complaint seeks

---

[3] While Gen-X denies entering into the rental agreement with United because the agreement was signed by a subcontractor who did not have authority to bind it (DE 27 at 8 n.1), the Court notes that Gen-X does not move for summary judgment on that basis. In any event, the issue of whether Gen-X is bound by the terms of the rental agreement, if raised, would present a genuine issue of material fact because the owner and president of Gen-X testified that the subcontractor who signed the agreement was acting as job foreman on the construction project and had the authority to take receipt of and sign documents in relation to the rental of equipment. (DE 32 ¶ 19).

5

to hold United vicariously liable for the negligence of Nathaniel Jackson). Finally, Gen-X argues that, under a plain reading of the rental agreement, Gen-X was not required to procure insurance for United's own negligence.

United responds by arguing that section 725.06 only voids indemnity agreements to the extent that a party seeks indemnity for its own active negligence, Florida case law establishes a common law right to indemnity in this situation, and the plain language of the rental agreement required Gen-X to procure insurance. For the reasons that follow, the Court agrees with United and denies in part Gen-X's motion for summary judgment.[4]

### A. Legal standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and

---

[4] Gen-X's motion is denied without prejudice as to United's claim of common law indemnity. Should the stay as to that claim be lifted, Gen-X may renew its motion.

the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249–50.

### B. Discussion

Section 725.06 of the Florida Statutes provides, in pertinent part:

> Any portion of any agreement or contract for or in connection with, or any guarantee of or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating associated therewith, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman or any combination thereof wherein any party referred to herein promises to indemnify or hold harmless the other party to the agreement, contract, or guarantee for liability for damages to persons or property *caused in whole or in part by any act, omission, or default of the indemnitee arising from the contract or its performance*, shall be void and unenforceable unless the contract contains a monetary limitation on the extent of the indemnification that bears a reasonable commercial relationship to the contract and is part of the project specifications or bid documents, if any.

Fla. Stat. § 725.06 (emphasis added). According to Gen-X, the indemnity provision of the rental agreement (paragraph 3) fails to comply with the requirements of Section 725.06 because the

provision requires Gen-X to indemnify United for United's own acts, omissions, or defaults. The Court notes, however, that United is not being sued for its own acts, omissions, or defaults: the only count against United in the state court action seeks to hold United liable for the negligence of Nathaniel Jackson under a "dangerous instrumentality" theory.

As a matter of law, the Court concludes that United is being sued under a theory of vicarious liability—not, as Gen-X contends—solely for its own negligence. *See Scott & Jobalia Construction Co.*, 538 So. 2d at 79 ("Ownership of a dangerous instrumentality . . . is a basis upon which to posit vicarious liability to a person injured by the mechanism."). United's claim for indemnification is thus necessarily premised on Gen-X indemnifying United for *someone else's negligence* (here Nathaniel Jackson's) which does not run afoul of Section 725.06. *See Linpro Fla. Inc. v. Almandinger*, 603 So. 2d 666, 667 n.1 (Fla. Dist. Ct. App. 1992) (holding an indemnification provision unenforceable under Section 725.06 to the extent that it sought indemnification for the indemnitee's own negligence, but enforceable to recover for the negligence of another); *see also United Rentals, Inc. v. Mid-Continent Cas. Co.*, 843 F. Supp. 2d 1309, 1315 (analyzing the same indemnification provision at issue in this case and concluding that the indemnification agreement only violated Section 725.06 to the extent it required indemnification for the indemnitee's "own acts, omissions or defaults . . . ."); *Mid-Continent Cas. Co. v. Constr. Servs. & Consultants, Inc.*, No. 06-CV-80922, 2008 WL 896221, at *2–*4 (S.D. Fla. Mar. 31, 2008). Gen-X's argument for invalidating the indemnification provision under Section 725.06 is accordingly rejected.

Moreover, Gen-X's argument that paragraph 18 of the rental agreement does not require Gen-X to procure insurance for United's own negligence likewise fails because the Court concludes, as a matter of law, that United—through the rental agreement—did not seek the procurement of insurance for its own negligence; it sought to require Gen-X to procure insurance for the negligence of another. Gen-X's argument for invalidating the procurement-of-insurance provision is therefore

also rejected.

Gen-X's remaining ground for summary judgment pertains to United's claim for common law indemnification. The Court need not address Gen-X's argument, however, because United's common law indemnification claim remains stayed.

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Gen-X Construction, Inc.'s Motion for Final Summary Judgment and Incorporated Memorandum of Law (DE 27) is **DENIED**.[5]  Plaintiffs', United Rentals, Inc., and United Rentals (North America), Inc., Motion to Lift Stay (DE 53) is **GRANTED in part, and DENIED in part.** The stay as to Count III of United's Complaint is **VACATED.** Count IV of United's Complaint remains **STAYED** pending resolution of Case No. 50 2009 CA 043131 XXXXMB in the Circuit Court of the 15th Judicial Circuit for Palm Beach, Florida. The parties must file a status update with this Court within 30 days of the state court action's disposition.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2013.

_____
KENNETH A.  MARRA
United States District Judge

---

[5] As to United's claim for common law indemnification, Gen-X's motion is denied without prejudice.